E-FILED
Tuesday, 16 January, 2007  04:39:19 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| In re KEITH L. AYRE and LISA A. AYRE, | ) | |
| | ) | |
| Debtors, | ) | No. 06-3153 |
| | ) | |
| ILLINOIS DEPARTMENT OF REVENUE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal from the |
| v. | ) | U.S. Bankruptcy Court |
| | ) | Central District of Illinois |
| KEITH L. AYRE, LISA A. AYRE, Debtors, and JOHN H. GERMERAAD, Trustee, | ) | Hon. Mary Gorman, presiding Bankruptcy No. 05-73602 |
| | ) | |
| Appellees. | ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

The Illinois Department of Revenue (Department) appeals from an Opinion and Order entered by the Bankruptcy Court on March 27, 2006, sustaining an objection to its proofs of claim in the Chapter 13 bankruptcy of Keith and Lisa Ayre (the Debtors). The Department had filed proofs of claim for unpaid sales and withholding income taxes totaling $104,635.22. The Debtors disputed the Department's claim and proposed in their Plan

1

of reorganization (Plan) to pay the Department $10,500.00 in full satisfaction of its disputed claim. The Plan was confirmed without objection.

The Chapter 13 bankruptcy Trustee John H. Germeraad then objected to the Department's proofs of claim to the extent that they claimed more than the $10,500.00 called for in the Plan. The Trustee argued that the confirmed Plan bound the Department to accept the payments called for in the Plan. The Bankruptcy Court agreed, and it sustained the Trustee's objection. The Department now appeals that decision. For the reasons set forth below, this Court affirms the decision of the Bankruptcy Court.

## STATEMENT OF FACTS

The Debtors previously operated an establishment in Springfield, Illinois, called the Fox Run Restaurant and Lounge. They filed a Chapter 11 bankruptcy in 2002 to attempt to reorganize that business. The Chapter 11 was eventually converted to a Chapter 7 liquidation. Record on Appeal, Part 2 (d/e 2) (R, Part 2), Item 19, Opinion entered March 27, 2006 (Opinion), at 1-2.

On July 7, 2005, the Debtors filed this Chapter 13 proceeding.[1]  On July 28, 2005, the Debtors filed their Plan of reorganization.  <u>Record on Appeal, Part 1 (d/e 1) ®, Part 1)</u>, Item 3, <u>Chapter 13 Plan</u>.  The Plan stated that the Department asserted a priority claim for $104,039.80.  <u>Id.</u>, at 2.  The Plan stated that the Debtors disputed the Department's claim.  The Plan proposed to pay the Department $10,500.00 over 36 months in settlement of this disputed claim.  <u>Id.</u>

On August 18, 2005, the Department filed three proofs of claim in the Debtors' bankruptcy.  The first and third proofs of claim were essentially the same.  The third amended the first by increasing the claim by one cent.  <u>Opinion</u>, at 3.  The third, amended, proof of claim asserted a claim in the amount of $88,808.83.  <u>R, Part 2</u>, Item 29, <u>Proof of Claim #3</u>.  The proof of claim stated that $88,716.83 of this claim was secured.  The proof of claim did not identify the collateral that secured the debt.  The proof of claim also stated that if the claim exceeded the value of any property securing it, the portion of the claim entitled to priority was $72,363.32.  The proof of claim did not indicate the basis for the claim of priority.  The

---

[1]The record on appeal does not include the Debtors' Schedules and Statement of Affairs.  The record also does not indicate the docket number of the previous bankruptcy proceeding or the date of any discharge in that proceeding.

proof of claim stated that none of the claim was an unsecured priority claim. <u>Id.</u>

Attached to the proof of claim was a spreadsheet listing unpaid sales taxes from December 2000 through November 2001, and April 2002 through July 2002. The Department claimed the same amount, $3,695.00, for each of the months of March 2001 through November 2001, and May 2002 through July 2002. The spreadsheet also listed interest and penalties, and stated that the Department had filed lien notices in Sangamon County, Illinois, for all of these tax claims. <u>Id.</u> According to the Bankruptcy Court, however, the Debtors did not list any property in their bankruptcy that would have been subject to any of these tax liens, and the Department did not identify any such property. <u>Opinion</u>, at 9.

The second proof of claim asserted a claim in the amount of $15,826.39. <u>R, Part 2</u>, Item 29, <u>Proof of Claim #2</u>. The proof of claim stated that all of this claim was secured. The proof of claim did not identify the collateral that secured the debt. The proof of claim also stated that if the claim exceeded the value of any property securing it, the portion of the claim entitled to priority was $12,566.78. The proof of claim did not indicate the basis for the claim of priority. The proof of claim stated that

4

none of the claim was an unsecured priority claim.  Id.

Attached to the second proof of claim was a spreadsheet listing unpaid withholding income taxes for the months of April 2000, January 2001 through April 2001, and February through March 2002.  The Department claimed the same amount, $1,615.00, for each of the months of January 2001 through April 2001, and February 2002.  The spreadsheet also listed interest and penalties, and stated that the Department had filed lien notices in Sangamon County, Illinois, for all of these tax claims.  Id.  The Department, again, did not identify any real property to which this lien attached, and the Debtors did not list any such property in their bankruptcy filings.

The Department received all of the appropriate notices of the bankruptcy proceeding, including the date of the first meeting of creditors, the date by which to object to the Plan, and the date of the confirmation hearing.  The first meeting of creditors occurred on August 25, 2005.  The Department did not appear.  The Department also did not object to the Plan.  The confirmation hearing occurred on October 25, 2005.  The Department, again, did not appear.  The Court ultimately confirmed the Plan of reorganization by Order dated November 8, 2005.  Opinion, at 2-3,

5-6.

On December 16, 2005, Trustee Germeraad filed objections to the Department's proofs of claim.  R, Part 1, Item 12, Notice of Objection to Claims.  Germeraad asserted that the Department was bound by the terms of the Plan and that the claims should be disallowed to the extent that they exceeded the payment called for in the Plan.   The parties argued the objection on February 7, 2006, and February 22, 2006.  At the February 7, 2006, hearing, the Bankruptcy Court asked the counsel for the Department why the Department did not object to confirmation.  He responded:

> Your Honor, the only reason -- and this is my conjecture; it is not anything I can prove -- everything gets sent to Chicago.  It takes forever to get down to us.  By the time it got down to us, it was too late to object.

R., Part 2, Item 26, Transcript of Proceedings on February 7, 2006, at 6. After the second hearing, the Bankruptcy Court took the matter under advisement.  The Bankruptcy Court issued its Opinion on March 27, 2006.

THE OPINION BELOW

The Bankruptcy Court began its analysis by stating that a confirmed Chapter 13 Plan generally binds the debtor and creditors.  Opinion, at 4. Section 1327(a) of the Bankruptcy Code states that confirmed plans bind

debtors and creditors:

> The provisions of a confirmed plan bind the debtor and each
> creditor, whether or not the claim of such creditor is provided
> for by the plan, and whether or not such creditor has objected
> to, has accepted, or has rejected the plan.

11 U.S.C. § 1327(a).  The Bankruptcy Court stated that the provisions of a confirmed Chapter 13 plan bind all creditors that received proper notice with respect to all issues that were litigated or could have been litigated as part of the confirmation process.  Opinion, at 4 (citing Adair v. Sherman, 230 F.3d 890, 894 (7th Cir. 2000); Matter of Chappell, 984 F.2d 775, 782-83 (7th Cir. 1993); and Matter of Pence, 905 F.2d 1107, 1109 (7th Cir. 1990)).

The Bankruptcy Court stated that the confirmation process could determine all issues that are litigated as a contested matter under the Bankruptcy Rules because objections to confirmation are litigated as contested matters rather than adversary proceedings.  Id., at 5; see Bankruptcy Rules 3007, 3012, 3015(f), 9014.  The Bankruptcy Court concluded that the treatment of the Department's claim in the Debtors' confirmed Plan was binding on the Department because: (1) the Department received proper notice, and (2) objections to claims are litigated

as contested matters rather than adversary proceedings.  Opinion, at 5-7.[2]

The Bankruptcy Court recognized that the Bankruptcy Code also requires Chapter 13 plans to pay priority creditors in full, and that plans that do not so provide are not binding on priority creditors.  Opinion, at 7-9.  See 11 U.S.C. § 1322(a); Matter of Escobedo, 28 F.3d 34 (7th Cir. 1994); Ekeke v. United States, 133 B.R. 450 (S.D.Ill. 1991).  Sales tax claims and claims for withholding income taxes are priority claims.  11 U.S.C. §§ 507(a)(8)(C) & 507(a)(8)(E); In re Groetken, 843 F.2d 1007, 1014-15 (7th Cir. 1988); Rosenow v. State of Ill., Dept. Of Revenue, 715 F.2d 277, 282 (7th Cir. 1983).  The Bankruptcy Court, however, determined that the Plan met the requirements of § 1322(a) because the Debtors proposed payment of $10,500.00 to settle the disputed claim.  The Bankruptcy Court held that the Debtors were not obligated by § 1322(a) to accept the Department's calculations in its proofs of claim, but could litigate the correct amount of the claim through the confirmation process.  Opinion, at 8.  The Bankruptcy Court, therefore, decided that the confirmed Plan was binding on the Department and allowed the Trustee's objection.  The

---

[2]See the discussion, infra, of the difference between contested matters and adversary proceedings.

8

Department now appeals.

## ANALYSIS

The Department claims that the Bankruptcy Court erred in finding that the confirmed Plan was binding on it.  The Department argues that the Debtors had to object to its claim to challenge the validity and amount of the Department's claim.  The Department also argues that the confirmed Plan is not binding because the Plan does not pay its priority claim in full.

This Court reviews the Bankruptcy Court's factual determinations for clear error only.  <u>Bankruptcy Rule</u> 8013.  A factual finding is clearly erroneous if on reviewing the evidence, this Court is "left with the definite and firm conviction that a mistake has been committed."  <u>Matter of Thirtyacre</u>, 36 F.3d 697, 700 (7th Cir. 1994).  The Court reviews the Bankruptcy Court's legal conclusions <u>de novo</u>.  <u>Matter of Sheridan</u>, 57 F.3d 627, 633 (7th Cir. 1995).  Decisions within the discretion of the Bankruptcy Court may only be reviewed for an abuse of discretion.  A decision is an abuse of discretion only if no reasonable person could agree with the Bankruptcy Court.  <u>See</u> <u>In re Morris</u>, 223 F.3d 548, 554 (7th Cir. 2000). The Department's claims on appeal concern primarily issues of law, and this Court largely agrees with the Bankruptcy Court's analysis.

The first issue is whether the confirmed Plan is binding on the issue of the validity and amount of the Department's claim.  Section 1327(a), quoted above, states that a confirmed plan is binding on creditors and debtors.  The Seventh Circuit has held that the confirmed plan is binding on creditors if the plan provision at issue could have been litigated in the confirmation process.  <u>Adair</u>, 230 F.3d at 894; <u>Chappell</u>, 984 F.2d at 782-83; and <u>Pence</u>, 905 F.2d at 1109.

The Bankruptcy Courts of this District have concluded the binding effect of a confirmed plan generally extends to matters that are litigated as contested matters because objections to confirmation are litigated as contested matters.  <u>In re King</u>, 290 B.R. 641, 647 (Bankr.C.D.Ill. 2003); <u>In re Zimmerman</u>, 276 B.R. 598, 602 (Bankr.C.D.Ill. 2001); <u>In re Duggins</u>, 263 B.R. 233, 237 (Bankr.C.D.Ill. 2001).

Certain specific disputes between creditors and debtors in a bankruptcy proceeding must be litigated as adversary proceedings, and other matters are litigated as contested matters.  <u>Bankruptcy Rules</u> 7001 and 9014.  An adversary proceeding is essentially a separate civil proceeding within the bankruptcy proceeding.  The complaining party files a separate complaint, pays a separate filing fee, and serves the named defendants with

summonses and the adversary complaint.  The adversary proceeding is given a separate docket number.  The responding parties answer the adversary complaint.  The matter proceeds in largely the same manner as any other federal civil proceeding through discovery, dispositive motions, and trial.  The proceeding results in a separate judgment entered in the adversary proceeding in favor of the prevailing party.  <u>See</u> <u>Bankruptcy Rules</u> 7001-7087.

Other disputed matters are litigated as contested matters.  <u>Bankruptcy Rule</u> 9014.   Contested matters are generally initiated by motion or objection.  Contested matters are conducted as part of the main bankruptcy proceeding and have fewer procedural protections than adversary proceedings; however, parties are entitled to notice, an opportunity to be heard, and, if necessary, an evidentiary hearing.  <u>Id.</u>  The Bankruptcy Court may also require parties in a particular contested matter to use any of the additional procedures used in adversary proceeding.   <u>Bankruptcy Rule</u> 9014(c).

The Court is persuaded by the reasoning in <u>King</u>, <u>Zimmerman</u>, and <u>Duggins</u>, and cases cited therein, that a confirmed Chapter 13 reorganization plan generally is binding as to all issues that can be resolved

as contested matters under the Bankruptcy Code and Rules, if the affected creditor has received proper notice.  Objections to confirmation are litigated as contested matters.  <u>Bankruptcy Rule</u> 3015(f).  Thus, the confirmation process provides the same due process protections that the parties would receive if the issue were resolved in a separate contested matter.  If, however, the issue must be resolved by adversary proceeding, the confirmed plan is not binding because the confirmation process does not provide the same level of procedural protections.  This interpretation of § 1327(a) gives meaning to the statutory requirement that the confirmed plan binds debtors and creditors, while respecting the rights of creditors to receive the greater procedural protections for disputes that must be resolved by adversary proceedings.

An objection to the Department's claim would be litigated as a contested matter.  <u>King</u>, 290 B.R. at 649; <u>Bankruptcy Rule</u> 9014.  The Department agrees that objections to claims are litigated as contested matters.  <u>Brief of Appellant Illinois Department of Revenue (d/e 4)</u>, at 6-7.  The Department also does not dispute that it received proper notice of the Plan, the deadline for filing objections, and the date of the confirmation hearing.  The Bankruptcy Court, therefore, did not err in concluding that

the Plan was binding on the determination of the Department's disputed claim.

The Department urges the Court to follow the Fifth Circuit decision that confirmed plans are not binding on determination of disputed secured claims. In re Simmons, 765 F.2d 547 (5th Cir. 1985). Simmons holds that a debtor who objects to a secured creditor's claim in a plan of reorganization is also obligated to file an objection to that claim to put the creditor on notice of the objection and initiate a separate contested matter to litigate the claim.

The Simmons case does not apply because the Bankruptcy Court found that the Department's claim was unsecured. Opinion, at 9. That finding is not clearly erroneous. The spreadsheets attached to the proofs of claim indicate the Department recorded notices of liens with the Sangamon County, Illinois, Recorder's Office; those spreadsheets are the only evidence of any security. The Debtors' schedules show that they owned no property in Sangamon County at the time they filed bankruptcy. Based on these facts, the Bankruptcy Court found that the Department's claim was unsecured. See 35 ILCS 5/1103; & 35 ILCS120/5a & 5b. Given the record before this Court, that finding was not clearly erroneous. The decision in

13

Simmons, thus, does not apply because the Department was not a secured creditor.

The Department also argues that the Bankruptcy Court's decision allows debtors to circumvent the claims adjudication process in the Code. Under the ruling, a debtor can use the confirmation process in lieu of filing an objection to a creditor's proof of claim. By the same token, however, one could argue that adopting the Department's position would allow creditors to circumvent the Chapter 13 confirmation process. A creditor could file a proof of claim and ignore the confirmation process with impunity because § 1327(a) would not apply to the creditor once he put his proof of claim on file.

These arguments essentially raise the issue of whether one particular party must be required to initiate the contested matter that will resolve a claims dispute: should the creditor be required to object to the plan to put the matter at issue, or should the debtor be required to file an objection to the claim to put the matter at issue. The relevant provisions of the Code and Rules governing plan confirmation contemplate that the creditor must file an objection to the plan or be bound. 11 U.S.C. §§ 1321-27; Bankruptcy Rules 2002, 3012, 3015. See generally 3 Keith M. Lundin,

Chapter 13 Bankruptcy, §§ 228.1-238.2 (3$^d$ ed. 2000 & 2004 Supp.). The relevant provisions of the Code and Rules governing claims adjudication provide that the debtor, or other party in interest, must file an objection to a claim or the proof of claim is presumed to be correct. 11 U.S.C. §§ 501-02; Bankruptcy Rules 3001-07. See generally 4 Lundin, §§ 272.1-290.

Reading all these provisions together, the Court concludes that the confirmation process and the claims adjudication process are alternative methods to resolve a disputed claims. Either procedure may be used to resolve the dispute, and the first procedure that results in a valid final order will be controlling in the case.[3] Since both result in litigation as contested matters, due process is met through the use of either method. The Code allows either method, so either should be effective. In this case, the matter was resolved through the confirmation process. Cf. Duggins, 263 B.R. at 239-40 (discussing the benefits of requiring creditors to litigate claims disputes through the confirmation process).

The Department also argues that in this case the Plan is not binding

---

[3]As noted above, this case involves an unsecured claim. The Court does not address the effect of a confirmed plan on a secured creditor. Other cases discuss the effect of a confirmed plan on secured claims. See e.g, In re Harvey, 213 F.3d 318, 321-23 (7th Cir. 2000); In re Szostek, 886 F.2d 1405, 1406 (3$^d$ Cir. 1989); Duggins, 263 B.R. at 239-44; Zimmerman, 276 B.R. at 601-03. But see Simmons, 765 F.2d at 551-56. See generally 3 Lundin, § 229.1.

on its claim because its claim is a priority claim, and all plans must meet the mandatory requirement of § 1322(a) to pay priority claims in full. Confirmed plans must provide for payment of priority claims in full.  11 U.S.C. § 1322(a).  A confirmed plan that makes no provision for payment of priority claims is not binding on parties in interest and is grounds for dismissal of the case.  <u>Escobedo</u>, 28 F.3d at 35.  Further, a confirmed plan that is based on a debtor's fraudulent challenge to a priority claim is not binding and is grounds for dismissal of a confirmed plan.  <u>Ekeke</u>, 133 B.R. at 452-53.

Here, the Bankruptcy Court found no fraud; that finding was not clearly erroneous.  The Department never alleged fraud below, and does not challenge this finding on appeal.  The Bankruptcy Court noted that much of the Department's claim was estimated.  <u>Opinion</u>, at 8.  The Department claimed identical amounts for several months, which supports the Court's conclusion that those amounts were estimated.  The estimated nature of the claims, alone, would give the Debtors a valid basis to dispute these claims. The Debtors, therefore, had a <u>bona</u> <u>fide</u> dispute with the Department's claim.  There was no fraud.  The remaining issue is whether the Plan met the requirements of § 1322(a) for treatment of the Department's disputed

priority claim.[4]

The Debtors provided in the Plan for payment of $10,500.00, to the Department to settle the Department's disputed claim in full.  This is quite different from the situation in <u>Escobedo</u>.  In <u>Escobedo</u>, there was no provision for payment of priority claims.  <u>Escobedo</u>, 28 F.3d at 34.  The Debtors here proposed to pay the Department an amount that they believed was appropriate to fully settle the dispute.  The Bankruptcy Court concluded that the Debtors were entitled to use the confirmation process to resolve the dispute.  <u>Opinion</u>, at 9.  For all the reasons set forth above, this Court agrees that the confirmation process is an appropriate procedure to resolve the validity and amount of a disputed claim.  The Department had the opportunity to challenge the Debtors' proposal by filing an objection to the Plan.  It did not, apparently, because the Department representative who received relevant information never sent the information on to the right people.  Regardless, the Department had a full and fair opportunity to

---

[4]The Trustee argues that the Department waived its right to a priority claim because it indicated in one portion of its proofs of claim that it had no unsecured priority claims.  As noted above, however, the Department stated elsewhere in the proofs of claim that to the extent that its claim exceeded the value of any collateral, then $72,363.32 and $12,566.78 of each claim, respectively, was entitled to priority.  <u>R., Part 2</u>, Items 28 and 29, <u>Proofs of Claim #2 & #3</u>.  Based on these latter portions of the proofs of claim, the Department did not waive its claim to priority.

litigate the correct amount of its disputed claims, but it failed to act.  The Plan met the requirements of § 1322(a) by proposing to pay a settlement amount to fully resolve the disputed claim.  The confirmed Plan was binding on the Department.

The Department also attempts to liken this situation to a so-called "discharge by declaration" of student loans.  This term refers to an attempt by a debtor to insert a finding in a confirmed Chapter 13 plan that an undue hardship exists that entitles the debtor to a discharge of his student loans.  See 11 U.S.C. § 523 (a)(8).  The determination of whether a student loan may be discharged for undue hardship, however, must be determined by adversary proceeding.  Bankruptcy Rule 7001(6).  Thus, the contested matter procedures for objections to confirmation do not provide adequate procedural protections for the student loan creditor.  In re Hanson, 397 F.3d 482, 484-85 (7th Cir. 2005).  The adjudication of a disputed claim, such as the Department's, however, is handled as a contested matter.  Thus, this situation is not like the "discharge by declaration."  The confirmation process provided ample due process to resolve this disputed claim.  The Department had only to file an objection; it did not; it is bound by the confirmed Plan.

THEREFORE, the decision of the Bankruptcy Court is AFFIRMED.

All pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   January 16, 2007.

FOR THE COURT:

_____ s/  Jeanne E. Scott _____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE